IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIE RAY SINGLETARY, | § | |
| TDCJ #880419, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-2070 |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

State inmate Willie Ray Singletary has filed a petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, challenging a state court conviction. The respondent has filed a motion to dismiss, arguing that Singletary is not entitled to federal habeas corpus relief. (Docket Entry No. 12). Singletary has filed a reply. (Docket Entry No. 16). After considering all of the pleadings, the state court records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons set forth below.

## I.  BACKGROUND AND PROCEDURAL HISTORY

A Texas grand jury returned an indictment against Singletary in cause number 800868, charging him with aggravated robbery. The State enhanced that indictment for purposes of punishment with allegations that Singletary had at least two prior felony convictions. On June 18, 1999, Singletary pled guilty to the aggravated robbery charge. After a joint trial with several co-defendants in the 185th District Court of Harris County,

Texas, a jury found Singletary guilty as charged.[1]  During the punishment phase of the trial, Singletary conceded that the enhancement convictions alleged in the indictment were "true," and he stipulated to one other felony conviction and three misdemeanors.  On June 28, 1999, the trial court sentenced Singletary to fifty years of imprisonment.

On direct appeal, Singletary argued that his guilty plea was invalid.  An intermediate state court of appeals rejected that argument, finding that the guilty plea was voluntary and that Singletary pled guilty because he was guilty.  *See Singletary v. State*, No. 01-99-00907-CR (Tex. App. — Houston [1st Dist.] Nov. 30, 2000).  Singletary did not contest the appellate court's decision by submitting a petition for discretionary review with the Texas Court of Criminal Appeals.

Singletary challenged his conviction further by filing a state application for a writ of habeas corpus on May 3, 2001, under Article 11.07 of the Texas Code of Criminal Procedure.  Singletary filed a motion for leave to file a writ of mandamus on January 30, 2002. Texas Court of Criminal Appeals dismissed the state habeas application for procedural reasons and denied leave to file a writ of mandamus on October 9, 2002.  *See Ex parte Singletary*, Nos. 51,529-01 & 51,529-02. Singletary filed a second state habeas application

---

[1]     According to the state court records, Singletary was charged with committing armed robbery of a pawn shop along with three other co-defendants, including Troy Anthony, Kevin Jermaine Williams, and Bobby Becks.  The state offered a plea agreement for twenty-five years in prison, provided that all four defendants accept.  When Singletary was the only defendant  willing to accept the plea and concede guilt, the State withdrew its offer.  *See Singletary v. State*, No. 01-99-00907-CR (Tex. App. — Houston [1st Dist.] Nov. 30, 2000, no pet.).  Accordingly, the case proceeded to a joint trial that resulted in a jury verdict of guilt for three of the four defendants (Singletary, Anthony, and Williams).

on January 23, 2003, which the Texas Court of Criminal Appeals denied on November 10, 2004, without a written order, based on findings made by the trial court.  *See Ex parte Singletary*, No. 51,529-03.

Singletary filed the pending federal habeas corpus petition on June 10, 2005.[2]  In that petition, Singletary raises one ground for relief in which he complains that he was denied effective assistance of counsel in connection with his guilty plea.  The respondent argues that any challenge to Singletary's conviction is barred by the governing one-year statute of limitations.  Singletary disagrees. The parties' contentions are discussed below under the governing standard of review.

## II.    ONE-YEAR STATUTE OF LIMITATIONS

According to the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d).  The one-year statute of limitations applies to all federal habeas corpus petitions filed after the AEDPA's effective date of April 24, 1996.  *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998).  Because the pending habeas corpus petition was filed well after April 24, 1996, the one-year limitations period clearly applies.  *See*

---

[2]     The Clerk's Office received the federal habeas corpus petition for filing on June 14, 2005, but the pleadings were executed on June 10, 2005, indicating that the petitioner placed his petition in the prison mail system on that date.  For statute of limitations purposes, courts in this circuit ordinarily treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date.  *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001).

*Hughes v. Dretke*, 412 F.3d 582, 588 (5th Cir. 2005).

In this case, Singletary challenges the validity of a state court conviction, meaning that the statute of limitations for federal habeas corpus review began to run at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Singletary's conviction was affirmed on direct appeal on November 30, 2000. Although Singletary did not file a petition for discretionary review ("PDR") with the Texas Court of Criminal Appeals, his time to do so expired 30 days later on or about December 31, 2000. *See* TEX. R. APP. P. 68.2. Singletary maintains that his conviction did not become final and the limitations period did not begin to run until July 31, 2001, when the intermediate appellate court issued its mandate. The Fifth Circuit has rejected this precise argument. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (rejecting reliance upon the date of mandate and relying on the 30-day period to file a PDR found in Rule 68.2 of the Texas Rules of Appellate Procedure). Therefore, Singletary's conviction became final when his time to file a PDR expired.

Singletary concedes that he did not file a PDR. He alleges, however, that he requested and received an extension of time, up to and including March 5, 2001, to file a PDR with the Texas Court of Criminal Appeals. The record confirms that Singletary received an extension of time to file a PDR through March 5, 2001. Although Singletary did not avail himself of the opportunity to file a PDR, this extended date triggered the one-year statute of limitations, which expired on March 5, 2002. *See Salinas v. Dretke*, 345 F.3d 425, 428 (5th Cir.) (holding that, under Texas law, "a PDR is considered to be part of the direct

4

review process, which ends when the petition is denied or when the time available for filing

lapses"), *cert. denied*, 541 U.S. 1032 (2004).  Singletary's pending petition, filed on June 10,

2005, is late by over three years (1192 days) and is therefore time-barred unless the

petitioner can show that he is entitled to statutory or equitable tolling.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application

for state habeas corpus or other collateral review is pending shall not be counted toward the

limitations period.  *See Artuz v. Bennett*, 531 U.S. 4 (2000).  Singletary filed his initial state

habeas corpus application on May 3, 2001, which the Texas Court of Criminal Appeals

dismissed on October 9, 2002.  *See Ex parte Singletary*, No. 51,529-02.  This proceeding

tolls the statute of limitations for only 524 days.  Singletary filed a second state habeas

corpus application on January 23, 2003, which the Texas Court of Criminal Appeals denied

on November 10, 2004.  This application remained pending for only 657 days.  Thus, the

total amount of time that Singletary's state applications were pending (1181) is not sufficient

to make the pending federal petition timely under § 2244(d)(2).[3]

Singletary does not invoke any other statutory basis for tolling.  Instead, Singletary

argues that he is entitled to equitable tolling because after the state intermediate appellate

court issued its mandate on July 13, 2001, the trial court "held on" to his initial state habeas

---

[3]     The record shows that Singletary filed a motion for leave to file a writ of mandamus on
        January 2, 2002, which the Texas Court of Criminal Appeals denied on October 9, 2002.  *See
        Ex parte Singletary*, No. 51,529-01.  The Fifth Circuit has held that applications for a writ
        of mandamus are not "other collateral review" as contemplated by 28 U.S.C. § 2244(d)(2).
        *Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002).  Accordingly, the time during which
        Singletary's application for a writ of mandamus was pending does not count for purposes of
        statutory tolling.

corpus application until August 19, 2002, before forwarding the writ to the Texas Court of Criminal Appeals, which dismissed the application for procedural reasons on October 9, 2002. Singletary argues, therefore, that he is entitled to equitable tolling until at least October 9, 2002, because delay caused by the trial court was beyond his control.

The statute of limitations for federal habeas corpus review may be equitably tolled at the district court's discretion where "exceptional circumstances" are present. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is an extraordinary remedy that is only sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Supreme Court has noted that a habeas corpus petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *See Pace v. DiGuglielmo*, — U.S. —, 125 S. Ct. 1807, 1814 (2005). "A garden variety claim of excusable neglect does not support equitable tolling." *Coleman*, 184 F.3d at 402. In that respect, the doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Singletary argues that he was prevented from pursuing state habeas corpus relief before October 9, 2002, because the trial court delayed unreasonably in forwarding his initial state habeas corpus application to the Texas Court of Criminal Appeals. This argument is

of no aid to Singletary.  As noted above, Singletary has received statutory tolling under § 2244(d)(2) for the entire time that his first state habeas corpus application was pending. Assuming that the trial court's delay was unreasonable, and that he would also be entitled to equitable tolling until the time that the Texas Court of Criminal Appeals dismissed his first state writ on October 9, 2002, Singletary provides no explanation for the subsequent three-month delay in filing his second state habeas application on January 23, 2003.  Likewise, after the Texas Court of Criminal Appeals denied Singletary's second state habeas application on November 10, 2004, Singletary provides no explanation for his seven-month delay in filing the pending federal habeas petition until June 10, 2005.

This record demonstrates substantial delay on the petitioner's part, for which he offers no valid explanation.  Although Singletary proceeds *pro se*, his incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling.  *See Fisher,* 174 F.3d at 714; *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling);  *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally do not justify tolling).  Singletary presents no other basis to toll the statute of limitations.

The Court is mindful of the effect a dismissal will have on the petitioner's ability to

have his claims heard by a federal court.[4]  *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.

2000), *cert. denied*, 531 U.S. 1035 (2000).  However, the Fifth Circuit has emphasized that

the "strict one-year limitations period" imposed by Congress for the filing of all habeas

corpus petitions is "subject only to the narrowest of exceptions."  *Fierro v. Cockrell*, 294

F.3d 674, 684 (5th Cir. 2002).  Given the petitioner's apparent lack of diligence in this case,

the Court concludes that his circumstances are not among those "rare and exceptional"

conditions which warrant deviation from the express rules that Congress has provided.  *See*

*Felder*, 204 F.3d at 173.  Accordingly, equitable tolling will not save his late-filed claims.

The Court therefore concludes that his pending federal habeas corpus petition is barred by

the applicable one-year limitations period.

## IV.    CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the AEDPA,

codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an

appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that

actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability),

---

[4]    The Court notes, however, that Singletary's ineffective-assistance claims were adjudicated
on the merits during his second state habeas corpus proceeding. *See Ex parte Singletary*, No.
51,529-03.  In that proceeding, these claims were rejected by the same state habeas corpus
judge that presided over Singletary's trial and sentencing.  A review of the memorandum
submitted in support of his federal habeas petition shows that, even under the liberal
construction afforded *pro se* pleadings, his claims do not clearly merit relief.  In that regard,
he makes no clear effort to establish that the state habeas corpus court's decision to deny
relief was contrary to, or involved an unreasonable application of, clearly established Supreme
Court precedent under the governing federal habeas corpus statutes.  *See* 28 U.S.C. §
2254(d)(1).

*cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 124 S. Ct. 2562, 2569 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner has stated a valid claim for the denial of a

constitutional right.  Accordingly, a certificate of appealability will not issue in this case.

## V.   <u>CONCLUSION</u>

For these reasons, the Court **ORDERS** as follows:

1.   The respondent's motion for summary judgment (Docket Entry No. 12) is

**GRANTED**.

2.   This federal habeas corpus proceeding is **DISMISSED** with prejudice.

3.   A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on **February 24, 2006.**

_____
Nancy F. Atlas
United States District Judge

10